**Kevin T. Lafky**, OSB#852633
klafky@lafky.com
**Erin C. Mee**, OSB#205514
omee@lafky.com
**Lafky & Lafky**
429 Court St. NE
Salem, OR 97301
Telephone: (503) 585-2450
Facsimile: (503) 585-0205
Of Attorneys for Plaintif

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| MARTIN G. CHILDS,<br><br>      Plaintiff,<br><br>      v.<br><br>SERVICE EMPLOYEES<br>INTERNATIONAL UNION.,<br>      Defendant. | Case No. 6:20-cv-01610-MK<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>**False Claims Act Qui Tam Whistle blower Claim 31 U.S.C. 3729-3733**<br><br>**Fed. R. Civ P. 12(b)(6)** |

## RESPONSE

Plaintiff responds to Defendant's motion to dismiss and requests that the Court deny Defendant's motion in its entirety for the reasons stated below. In the alternative, if the Defendant's motion is granted, Plaintiff asks this Court for leave to amend the Complaint.

## POINTS AND AUTHORITIES

### <u>Cases</u>

Aeroplate Corp. v. Arch Ins. Co. 2006 WL 3257487  (E.D. Cal. Nov. 9, 2006)

Ashcroft v. Iqbal, 556 U.S. 662 (2009)

Balistreri v. Pacifica Police Dep't, 901 F.2d 696 (9th Cir. 1988)

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)

Casault v. One W. Bank FSB, 658 F. App'x 872 (9th Cir. 2016)

Dowd v. Int'l Longshoremen's Ass'n, AFL-CIO, 975 F.2d 779, (11th Cir. 1992)

Petroleum Prod. Antitrust Litig, 906 F.2d 432 (9th Cir. 1990)

Universal Health Servs. Inc. v. United States, 579 U.S. 176 (2016)

Winter ex rel. U.S. v. Gardens Reg'l Hosp. & Med. Ctr., Inc., 953 F.3d 1108 (9th Cir 2020)

**Statutes**

31 U.S.C. 3729-3733

Fed. R. Civ. P 12(b)(6)

Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 15(a)

**MEMORANDUM OF LAW**

**INTRODUCTION AND FACTUAL SUMMARY**

Plaintiff stipulates to the procedural history outlined in Defendant's brief. The present

action is a Second Amended Complaint filed on June, 3, 2022. Plaintiff is bringing a Qui Tam

Action alleging violation of 31 U.S.C. 3729-3733, also known as the False Claims Act by

Defendant.  The complaint alleges that SEIU, working in concert with its affiliates Local 775 and

Local 503, acted to defraud the government of benefit funds intended for the Medicaid program

and use them for its own personal benefit. One such transaction in which the government was

defrauded was through Defendant's attempted acquisition of The Forum building in Portland

**Page 2 - PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

using funds from SEIU's Homecare Benefit Fund Supplemental Trust.

## ARGUMENT

*a. The standard for a Well-Pleaded complaint under rule 12(b)(6) is met by the Second Amended Complaint.*

*Twombly* is frequently cited as the judicial standard for evaluating a claim facing a motion to dismiss under rule 12(b)(6): "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[.], Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007)*. (internal citations omitted). To survive a motion to dismiss, a complaint must allege specific facts necessary to evidence a claim for relief, assuming said facts are true. A court's ruling on a motion brought under 12(b)(6) must adhere to this assumption, notwithstanding a Judge's skepticism that said facts could, in fact, be proven to the extent necessary. *Id.* at, 556 and 1965. "The court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor." Aeroplate Corp. v. Arch Ins. Co., No. CVF061099AWISMS, 2006 WL 3257487, at *5 (E.D. Cal. Nov. 9, 2006) (internal citation omitted).

The present Second Amended Complaint should not be dismissed at this stage because in support of its general allegations it outlines a specific transaction that presents a diversion of public benefits toward a manifestly unlawful purpose. There is enough specificity as to the time, date, and location of these supporting facts to form the basis as a colorable claim for relief under the statute. This fraudulent transaction was the deposit to acquire The Forum Building, made by SEIU Local 503 with the tacit approval of Defendant using a trust fund established to coordinate

**Page 3 - PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

homecare services for members using medicaid benefits. (SAC pp.6) Under the established legal standard "A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)*. Here, if the plaintiff can prove that the alleged funds transfer took place using the medicaid benefits in the Homecare trust as alleged, it would entitle him to relief under the FCA.

      *b. The requirements of the  FCA and heightened standard for pleading fraud under rule 9(b) is met by the Second Amended Complaint*

      Defendant's brief outlines how the legislative purpose of the False Claims Act is served by the imposition of the heightened pleading standard for fraud under rule 9(b). (Defendant Motion to Dismiss, pp.7-8.) However the Ninth Circuit has observed "The Supreme court has consistently refused to accept a rigid, restrictive reading of the FCA, and has cautioned courts against adopting a circumscribed view of what it means for a claim to be false or fraudulent." *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 953 F.3d 1108, 1116 (9th Cir. 2020) (internal citations and quotations omitted). In the present case, Defendant's agent established a trust fund for member beneficiaries of the Medicaid program, only to later make purchases using the funds that were completely divorced from the stated purpose of the trust and the legislative requirements of the federal Medicaid program. The present Complaint meets this standard with sufficient specificity of the circumstances constituting fraud or mistake: procuring the government benefits of members and using them to benefit the organization. Plaintiff's former role as an insider in Defendant's organization has enabled him to make this information public as a whistle blower by being privy to statements by the Local 503 executive director. (Defendant Motion to Dismiss )

**Page 4 - PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

The Supreme Court has held that "the False Claims Act encompasses claims that make fraudulent misrepresentations, which include certain misleading omissions." *Universal Health Servs. Inc. v. United States*, 579 U.S. 176, 186–87, 136 S. Ct. 1989, 1999, 195 L. Ed. 2d 348 (2016); the present allegations concern exactly the sort of tacit conduct and misleading omissions conceived of by *Universal Healt Servs. Inc.* as alternatives to outright misreprentations. In this case, because Defendant omitted notifying the Government, as well as its members, what the benefits would in fact be used for. This allegation resembles the "implied false certification theory" outlined in *Universal Health Servs.* Plaintiff's complaint alleges that in 2019, SEIU, by and through  Local 503, attempted to acquire The Forum Building in Portland Oregon using a trust made up exclusively of government benefits paid to members. *SAC pp. 6* The "implied false certification" is that SEIU, acting through its members and local branch organizations, certified to the Government that the benefits obtained would be used for the purpose authorized by statute. Instead, the money was used to enrich the branch organizations at the expense of the federal government.

> *c. The 12(b)(6) motion is not the appropriate procedural mechanism to test the Plaintiff's Theory of Agency between Defendant and local branches.*

The Plaintiff Alleges that the Defendant SEIU was acting as the principal vis a vis its local branch organizations in the scheme to defraud the government, specifically with respect to the effort to purchase The Forum Building. The Eleventh Circuit has held that the lack of a legal obligation by the agent branch on the part of the Principal does not preclude an agency relationship, nor does the lack of legal capacity of the Principal to carry out the desired action. *Dowd v. Int'l Longshoremen's Ass'n, AFL-CIO, 975 F.2d 779, 784 (11th Cir. 1992).*  Conspiracy can be alleged as tacit in nature and can be inferred from the circumstances in the absence of a

**Page 5 - PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

formal agreement. The Ninth Circuit has weighed in on the issue of tacit conspiracy, holding that

if the plaintiff's asserted interpretation of the facts is "reasonable" enough to clear the summary

judgment threshold, despite a Judge's opinion that the defendant's explanation is equally or even

more likely, the case should continue. *In re Coordinated Pretrial Proc. in Petroleum Prod.*

*Antitrust Litig., 906 F.2d 432, 438 (9th Cir. 1990).*  Plaintiff's threshold for a defense to a rule

12(b)(6) motion is even lower; the court accepts the alleged facts as true for the purposes of the

motion, while rejecting conclusory interpretations of said facts. *Ashcroft v. Iqbal, 556 U.S. 662,*

*680–81, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009).*

Defendant's motion does not apply the appropriate standard in asking the court to find a

lack of sufficient factual specificity for the conspiracy. Plaintiff has alleged that the benefits

scheme was devised by Local 775, and later duplicated by Local 503, and in the process it

received the express approval and authorization of Defendant, the parent organization. Whether

the plaintiff's characterization of Defendant's actions meets the requisite threshold of

persuasiveness to survive summary judgment is not the matter at issue, as Plaintiff should be

allowed to conduct discovery to assist in that determination. Accepted as true, Plaintiff has

alleged that Medicaid benefits were funneled into Homecare Service Trust and that the funds

were unlawfully used to acquire income producing property for the local branch under the

supervision and approval of the Defendant, who helped coordinate the implementation of a

similar scheme at each of the locals. (SAC pp. 4-5)

*d. The Court should grant further leave to amend the complaint as an alternative to*

*dismissal with prejudice*

FRCP 15(a) mandates that a plaintiff should be granted leave to amend a complaint as

justice so requires. "Leave to amend should be denied "only when the court is satisfied that the

deficiencies in the complaint could not possibly be cured by amendment. *Casault v. Fed. Nat. Mortg. Ass'n, 915 F. Supp. 2d 1113, 1125 (C.D. Cal. 2012), aff'd sub nom. Casault v. One W. Bank FSB, 658 F. App'x 872 (9th Cir. 2016)*. The standard for allowing leave to amend is generous, with the Ninth Circuit holding leave should be granted if it can "conceive of facts" that would render the plaintiff's claim viable. *Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir. 1988)*.

In keeping with the established standard in the Ninth Circuit, if this Court finds a lack of factual specificity sufficient to clear the threshold imposed by rule 12(b)(6) and Rule 9(b), the Court should allow Plaintiff leave to amend the Complaint.

<u>**CONCLUSION**</u>

For the forgoing reasons, the Court should deny Defendant's motion or in the alternative grant the plaintiff leave to amend the complaint.

DATED this 5th day of August, 2022.

> */s/ Erin C. Mee*
> Kevin T. Lafky, OSB#852633
> klafky@lafky.com
> Erin C. Mee, OSB#205514
> omee@lafky.com
> LAFKY & LAFKY
> 429 Court St. NE
> Salem, OR 97301
> Tel. (503) 585-2450
> Of Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2022, the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** was served on all parties by electronic means through the Court's electronic Case File system.

*/s/ Erin C. Mee*
Erin C. Mee, OSB#205514
Omee@lafky.com
LAFKY & LAFKY
Of Attorneys for Plaintiff