SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 210-9847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service
Employees International Union*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARTIN G. CHILDS,<br><br>             Plaintiff,<br><br>     v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION,<br><br>             Defendant. | Case No. 6:20-cv-01610-MK<br><br>**DEFENDANT SERVICE EMPLOYEES INTERNATIONAL UNION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**Pursuant to Fed. R. Civ. P. 12(b)(6)** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .............................................................................................................................1

    I.    Plaintiff does not allege facts to show the necessary elements of a False Claims Act claim..............................................................................................................1

    II.    Plaintiff does not allege facts to show that SEIU International was responsible for an alleged False Claims Act violation.............................................3

    III.    The Court should dismiss Plaintiff's lawsuit with prejudice .................................5

CONCLUSION..........................................................................................................................6

CERTIFICATE OF COMPLIANCE .......................................................................................7

CERTIFICATE OF SERVICE .................................................................................................8

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Dowd v. International Longshoremen's Association*,
   975 F.2d 779 (11th Cir. 1992) ................................................................................................ 4

*Jackson v. Fischer*,
   931 F. Supp. 2d 1049 (N.D. Cal. 2013) .................................................................................. 3

*Mandel v. Hafermann*,
   503 F. Supp. 3d 946 (N.D. Cal. 2020) .................................................................................... 5

*United States ex rel. Silingo v. WellPoint, Inc.*,
   904 F.3d 667 (9th Cir. 2018) .................................................................................................. 5

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ............................................................................................. 3, 5

*Universal Health Services v. United States*,
   579 U.S. 176 (2016) ............................................................................................................ 2, 3

*Winter v. Gardens Regional Hospital and Medical Center*,
   953 F.3d 1108 (9th Cir. 2020) ................................................................................................ 2

**Statutes**

False Claims Act ..................................................................................................... 1, 2, 3, 5

**Rules**

Federal Rules of Civil Procedure, Rule 9(b) .................................................................... 5

# ARGUMENT

Plaintiff's opposition to SEIU International's motion to dismiss only confirms that the motion should be granted. Plaintiff offers a vague theory about the alleged misuse of local union trust funds. But Plaintiff does not point to specific factual allegations to show that 1) a false claim was made to obtain federal funds and 2) SEIU International was responsible for the submission of that claim. Nor does Plaintiff proffer any additional facts that he could allege to state a viable False Claims Act claim against SEIU International. As such, this lawsuit should be dismissed with prejudice.

### I.  Plaintiff does not allege facts to show the necessary elements of a False Claims Act claim

Plaintiff does not dispute that the elements of a False Claims Act claim must be pled with particularity. *See* SEIU Mem. at 5-6 (Dkt. 30). Plaintiff concedes that he has not alleged that any claims were submitted that contained affirmatively false statements. Plaintiff asserts, instead, that his theory of liability is that "misleading omissions" or an "implied false certification" (Opp. at 5) occurred in connection with the "attempted acquisition of The Forum Building in Portland using funds from SEIU's Homecare Benefit Supplemental Trust" (*id.* at 2-3). According to Plaintiff, the purchase of this building was not a permissible use of trust funds. *Id*. at 3.

Plaintiff's Second Amended Complaint, however, does not allege any specific facts to identify any *claim* that was false by omission or contained an implied false certification in relationship to this transaction, *i.e.*: *who* made the claim, *when* it was made, *what* it said, *to whom* it was submitted, and *why* it was false by omission or involved a false certification. The False Claims Act prohibits the submission of *false claims* to obtain government funds—not the alleged misuse of trust funds. Because the Second Amended Complaint lacks particularized

factual allegations to show that identifiable false claims were made, it does not state a cause of action under the False Claims Act.

The cases that Plaintiff cites do not excuse the requirement that a plaintiff seeking to assert a False Claims Act claim must plead with the particularity the facts showing that a false claim was submitted, as well as all the other elements of a False Claims Act violation in connection with that claim, *e.g.,* scienter, materiality, and reliance.  See SEIU Mem. at 7.

In *Winter v. Gardens Regional Hospital and Medical Center*, 953 F.3d 1108 (9th Cir. 2020), the Ninth Circuit recognized that "a false certification of medical necessity" to obtain Medicaid Act reimbursements can violate the False Claims Act, but also explained that the plaintiff's complaint was sufficient to state a cause of action because it included "detailed allegations as to each ... claim" alleged to constitute such a false certification, and "identifie[d] sixty-five allegedly false claims in great detail." *Id.* at 1118-20.  The Ninth Circuit contrasted the *Winter* plaintiff's detailed and particularized complaint with the complaint in *Cafasso*, which was insufficient because it merely "identifie[d] a general sort of fraudulent conduct but specifie[d] no particular circumstances of any discrete fraudulent statement." *Winter,* 953 F.3d at 1120 (quoting *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011)).  Plaintiff's allegations here are analogous to the allegations of a "general sort of fraudulent conduct" that were held to be insufficient in *Cafasso*.  Plaintiff here has "specifie[d] no particular circumstances of any discrete fraudulent statement."

Likewise, *Universal Health Services v. United States*, 579 U.S. 176 (2016), recognized that an omission in a claim can sometimes make the claim false, but the Supreme Court cabined its holding to a situation where the "defendant submits a claim for payment that makes specific representations about the goods or services provided, but knowingly fails to disclose the

defendant's noncompliance with a statutory, regulatory, or contractual requirement . . . [such that] the omission renders those representations misleading." *Id.* at 181.  As such, this theory of liability requires the existence of a specific claim for payment.  Plaintiff here does not allege any identifiable claim.

Because Plaintiff does not plead particularized facts to show that a false claim was submitted (as well as all the other elements of a False Claims Act violation in connection with that claim), Plaintiff's Second Amended Complaint must be dismissed.

## II. Plaintiff does not allege facts to show that SEIU International was responsible for an alleged False Claims Act violation

Even if Plaintiff had sufficiently alleged that a local union violated the False Claims Act (and he did not), Plaintiff's Second Amended Complaint still must be dismissed because it does not allege facts to show that SEIU International was responsible for that purported misconduct.  Plaintiff does not contend that SEIU International itself submitted any false claims.  Instead, Plaintiff contends that SEIU International can be held liable for local unions' conduct under the "Theory of Agency."  Opp. at 5.  But, in fraud cases resting on an agency theory, the plaintiff must plead the facts establishing that agency with particularity.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007); *Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1061 (N.D. Cal. 2013) ("where a plaintiff alleges that a defendant is liable for fraud under an agency theory, Rule 9(b) requires that the existence of the agency relationship be pled with particularity") (citing *Swartz*, 476 F.3d at 764-65).  The Second Amended Complaint does not allege particularized facts to establish agency.

Plaintiff states in his opposition that Local 503 made an allegedly fraudulent purchase "with the *tacit* approval of Defendant."  Opp. at 3 (emphasis added).  Plaintiff later states in his opposition that Local 503's actions "received the *express* approval and authorization of

Defendant." Opp. at 6 (emphasis added). But there are no specific facts alleged in the Second Amended Complaint that show that SEIU International either tacitly or expressly approved the submission of false claims. The sole factual allegation about SEIU International's involvement in the purchase of the building in Portland—the only transaction discussed in Plaintiff's opposition—is that Plaintiff was told by another Local 503 employee that "she and others had worked with staff and attorneys for the Defendant during many conference calls prior to finalization of the purchase." SAC ¶12 (Dkt. 29). That allegation does not show that Local 503 was acting as SEIU International's agent in purchasing the building, much less in submitting false claims.

Even if Plaintiff had alleged that SEIU International "approved" of Local 503's conduct, that would not be sufficient to show agency. Local unions are independent entities that do not need the international union's "approval" for their actions. *See* SEIU Mem. at 9. Plaintiff also asserts in his opposition "that the Defendant SEIU was acting as the principal vis a vis its local branch organizations in the scheme to defraud the government." Opp. at 5. But the assertion that SEIU International was "acting as the principal" is not supported by any specific facts alleged in the Second Amended Complaint.

Plaintiff relies on *Dowd v. International Longshoremen's Association*, 975 F.2d 779, 784 (11th Cir. 1992), for the proposition that an agency relationship can exist notwithstanding "the lack of a legal obligation by the agent" or "the lack of legal capacity of the principal." *See* Opp. at 5. The Eleventh Circuit emphasized in *Dowd*, however, that it was *not* applying the "ordinary agency law" principles that apply to this civil case but, rather, broader concepts that govern unfair labor practice charges. *Dowd*, 975 F.2d at 784. In any event, the central problem with Plaintiff's agency theory is not the existence of technical rules about "legal obligation" or "legal

capacity," but that Plaintiff does not allege any specific facts to show that local unions were acting as agents of SEIU International in submitting purportedly false claims.

Plaintiff also relies on the proposition that a plaintiff in an antitrust conspiracy case can survive summary judgment "if the plaintiff's asserted interpretation of the facts is 'reasonable' enough" to support the existence of the alleged conspiracy. Opp. at 6 (citing *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 906 F.2d 432, 438 (9th Cir. 1990)). But Plaintiff has not alleged the existence of a conspiracy, much less the elements of a conspiracy, which would include agreement among the co-conspirators to pursue a certain illegal object. *See, e.g., Mandel v. Hafermann*, 503 F. Supp. 3d 946, 985 (N.D. Cal. 2020). Moreover, the facts showing a conspiracy would have to be pled with particularity here because Plaintiff alleges fraudulent conduct. *See Swartz*, 476 F.3d at 764-65; *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677-78 (9th Cir. 2018). Plaintiff does not plead any particularized facts regarding SEIU International's own conduct.

Plaintiff's failure to allege particularized facts to show that SEIU International was responsible for local unions' purported False Claims Act violations provides an independent reason why this lawsuit against SEIU International must be dismissed.

### III.     The Court should dismiss Plaintiff's lawsuit with prejudice

Plaintiff already had the opportunity to amend his allegations to address the deficiencies discussed above. Plaintiff filed his Second Amended Complaint after those deficiencies were identified during the meet-and-confer process that preceded the filing of SEIU International's motion to dismiss. Plaintiff's opposition does not identify any additional facts that Plaintiff could allege to state a viable False Claims Act claim against SEIU International. Plaintiff also does not dispute the caselaw holding that the particularity requirement of Rule 9(b) prevents

"plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."  SEIU Mem. at 11 (citation omitted).  The Court should therefore dismiss this action with prejudice.

## CONCLUSION

Plaintiff's Second Amended Complaint should be dismissed without leave to amend.

DATED:  August 23, 2022                              Respectfully submitted,

By: *s/  Scott A. Kronland*
            Scott A. Kronland

SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 2109847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service Employees International Union*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1617 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED: August 23, 2022

Respectfully submitted,

By: s/ Scott A. Kronland
      Scott A. Kronland

SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 2109847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service Employees International Union*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

DATED:  August 23, 2022

Respectfully submitted,

By: *s/  Scott A. Kronland*
      Scott A. Kronland

SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 2109847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service Employees International Union*