SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 210-9847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service
Employees International Union*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARTIN G. CHILDS,<br><br>         Plaintiff,<br><br>    v.<br><br>SEIU Local 503, OPEU, and SERVICE EMPLOYEES INTERNATIONAL UNION (SEIU),<br><br>         Defendants. | Case No. 6:20-cv-01610-MK<br><br>**DEFENDANT SERVICE EMPLOYEES INTERNATIONAL UNION'S MOTION TO DISMISS**<br><br>**Pursuant to Fed. R. Civ. P. 12(b)(6)** |

```
```

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

L.R. 7-1 CERTIFICATION ..................................................................................................1

MOTION ...............................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................1

INTRODUCTION .................................................................................................................1

BACKGROUND ..................................................................................................................2

    1.    Plaintiff's allegations ...............................................................................2

    2.    Procedural history ....................................................................................4

LEGAL STANDARD ...........................................................................................................5

ARGUMENT ........................................................................................................................6

    I.    Plaintiff does not allege particularized facts to show the necessary elements of a False Claims Act violation. .........................................................7

    II.    Plaintiff does not allege particularized facts to show that SEIU International was responsible for a False Claims Act violation. .............................9

    III.    This case should be dismissed with prejudice. ........................................12

CONCLUSION ...................................................................................................................12

CERTIFICATE OF COMPLIANCE ..................................................................................13

CERTIFICATE OF SERVICE ............................................................................................14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 5

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ............................................................................................... 5, 6

*Ebeid ex. rel. U.S. v. Lungwitz*,
  616 F.3d 993 (9th Cir. 2010) ............................................................................................ *passim*

*Carbon Fuel Co. v. Mine Workers*,
  444 U.S. 212 (1979) ................................................................................................................ 10

*Godecke v. Kinetic Concepts, Inc.*,
  937 F.3d 1201 (9th Cir. 2019) .................................................................................................. 5

*Jackson v. Fischer*,
  931 F. Supp. 2d 1049 (N.D. Cal. 2013) .................................................................................. 10

*Mine Workers v. Coronado Coal Co.*,
  259 U.S. 344 (1922) ................................................................................................................ 10

*Moore v. Local 569 IBEW*,
  989 F.2d 1534 (9th Cir. 1993) ................................................................................................ 10

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) .................................................................................................. 10

*United States ex rel. Anita Silingo v. WellPoint, Inc.*,
  904 F.3d 667 (9th Cir. 2018) .................................................................................................... 6

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ............................................................................................... 5, 9

*United States v. Howell*,
  318 F.2d 162 (9th Cir. 1963) .................................................................................................... 8

*United States v. McNinch*,
  356 U.S. 595 (1958) .................................................................................................................. 8

*United States v. Neifert-White Co.*,
  390 U.S. 228 (1968) .................................................................................................................. 8

*United States v. Rivera*,
    55 F.3d 703 (1st Cir. 1995) ............................................................................................. 8

*United States v. United Healthcare Ins. Co.*,
    848 F.3d 1161 (9th Cir. 2016) ......................................................................................... 6

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ......................................................................................... 5

*Winter ex rel. United States v. Gardens Regional Hosp.*,
    953 F.3d 1108 (9th Cir. 2020) ......................................................................................... 6

**Statutes and Regulations**

29 U.S.C.
    § 431 ............................................................................................................................ 3, 7
    §§ 439-40 ..................................................................................................................... 3, 7

31 U.S.C.
    § 3729(a)(1)(A) ............................................................................................................ 1, 6
    § 3729(b)(2)(A) ............................................................................................................ 7, 8

29 C.F.R.
    § 403.3 .......................................................................................................................... 3, 7
    § 403.3(b) ........................................................................................................................ 7

**Rules**

Federal Rules of Civil Procedure
    Rule 9(b) ................................................................................................................. *passim*
    Rule 12(b)(6) ............................................................................................................... 1, 5

L.R. 7-1 ................................................................................................................................. 1

**Other Authorities**

OLMS website at:   https://www.dol.gov/sites/dolgov/files/OLMS/regs/compliance/
    GPEA_Forms/forms/lm2_form_facsimile_2022.pdf ..................................................... 8

## L.R. 7-1 CERTIFICATION

On May 23, 2023, counsel for Defendant Service Employees International Union ("SEIU International") conferred in good faith with counsel for Plaintiff Martin Childs about the subject of this motion. The issue could not be resolved without the assistance of the Court.

## MOTION

Defendant SEIU International moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice Plaintiff's Third Amended Complaint for failure to state a claim for relief. In support of this motion, SEIU International relies upon the memorandum of points and authorities below, the complete files and records of this case, and such other and further matters as the Court may properly consider when this motion is heard.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff's Third Amended Complaint ("TAC") suffers from the same flaws as his Second Amended Complaint. The TAC asserts a single cause of action against SEIU International and new Defendant SEIU Local 503 for alleged violation of 31 U.S.C. §3729(a)(1)(A), a provision of the False Claims Act. Under 31 U.S.C. §3729(a)(1)(A), a person violates the False Claims Act by "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval" that results in the loss of federal government funds. Because claims for violation of the False Claims Act sound in fraud, they must be pled with particularly. *Ebeid ex. rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). The TAC does not come close to meeting this standard.

As an initial matter, the TAC does not identify with particularity any "claim[s] for payment or approval" that allegedly were made, does not explain what those claims asserted,

does not explain why those claims were false or fraudulent, and does not identify who submitted those claims. The TAC refers to SEIU Local 503's LM-2 reports, but LM-2 reports are annual financial reports submitted to the Department of Labor's Office of Labor Management Standards, not claims for payment.

The TAC also does not plead with particularity any facts to show that SEIU International was responsible for submitting any false claims. Plaintiff does not allege facts to show that SEIU International itself submitted any claims for payment, much less that those unidentified claims for payment were false. Nor do Plaintiff's allegations show that local unions were acting as SEIU International's agents in submitting false claims.

Accordingly, Plaintiff's TAC should be dismissed. When the Court dismissed Plaintiff's Second Amended Complaint with leave to amend, the Court stated that "[t]he Court will not grant Plaintiff further leave to amend." Dkt. 42. The Court should therefore dismiss Plaintiff's TAC with prejudice.

## BACKGROUND

1. **Plaintiff's allegations**

Defendant SEIU International is an international union headquartered in Washington, D.C. There are approximately two million SEIU members throughout the United States, organized in local affiliates with their own constitutions, bylaws, officers, and executive boards. *See* TAC ¶4. Plaintiff served as Finance Director for SEIU Local 503, an Oregon-based local union affiliated with SEIU International, until June 2019. TAC ¶5. Plaintiff alleges that he was "pressured into an early retirement" from SEIU Local 503. TAC ¶5.

Plaintiff alleges that SEIU Local 503 set up several trust funds: two homecare health insurance trusts; a building trust; and a training trust. TAC ¶8. Plaintiff alleges that management

responsibility for the health insurance trusts is shared equally by five SEIU Local 503 trustees and five trustees representing the State of Oregon. TAC ¶11.

Plaintiff alleges that SEIU Local 503 bought a building that could be used as a call center, TAC ¶11, and was awarded a contract for "call center work which was to be paid for by the training trust." TAC ¶8. Plaintiff alleges that SEIU Local 503 used funds from "one of the homecare health insurance trusts... which is funded by the state with Medicaid funds" to purchase the building and to pay for building improvements. TAC ¶11. Plaintiff alleges that this use of trust funds was improper. TAC ¶¶17-18. Plaintiff also alleges that trust funds affiliated with SEIU Local 775 (a local union in Washington State) and SEIU Local 503 received other Medicaid funding, TAC ¶16, which Plaintiff alleges was "improper" and "defrauded the government." TAC ¶¶16, 19.

Plaintiff alleges that "amounts reimbursed to the trust with federal funds constituted false certifications to the Federal Government by SEIU." TAC ¶23. Plaintiff also alleges that "[a]s Defendant used these funds to profit from the government … it has continually presented false claims for payment." TAC ¶27. The TAC does not specify whether "SEIU" and "Defendant" refer to SEIU 503 or SEIU International. The TAC does not contain any details about when these purported "false certifications" and "false claims" were submitted, who submitted them, to whom they were submitted, what they said, and why they were false.

Plaintiff alleges that SEIU Local 503's LM-2 forms from 2019 to 2021 contained inaccurate descriptions of payments. TAC ¶¶20-23. LM-2 forms are annual financial reports that unions file with the federal Department of Labor's Office of Labor Management Standards. *See* 29 U.S.C. §431, §439-40; 29 C.F.R. §403.3. Plaintiff alleges that Local 503's LM-2 forms report that funds were used for "Caregiver Training," "Cash Needs Payment," and "Admin Support,"

Page 3   Defendant SEIU International's Motion to Dismiss

but that the funds instead were used to buy and improve a building. TAC ¶¶20-23. The TAC does not contain any allegations to show a connection between LM-2 forms and the receipt of federal funds.

### 2. Procedural history

Plaintiff filed his original Complaint against SEIU International on January 15, 2021. Dkt. 10. After the government declined to pursue the alleged False Claims Act claim, Dkt. 16, Plaintiff filed a First Amended Complaint against SEIU International on March 10, 2022. Dkt. 21. After SEIU International advised Plaintiff's counsel that it would move to dismiss the First Amended Complaint for failure to state a claim, Plaintiff was granted leave to amend, Dkt. 28, and filed a Second Amended Complaint on June 3, 2022. Dkt. 29.

SEIU International filed a motion to dismiss the Second Amended Complaint for failure to state a viable claim. Dkt. 30. After holding a hearing on that motion, the Court dismissed Plaintiff's Second Amended Complaint for failure to state a claim. Dkt. 42. The Court allowed Plaintiff leave to amend, but stated that "[t]he Court will not grant Plaintiff further leave to amend against Defendant." Dkt. 42.

After receiving two extensions of time, Dkts. 44, 48, Plaintiff filed a Third Amended Complaint under seal on January 21, 2023, adding SEIU Local 503 as an additional defendant. Dkt. 49. On July 26, 2023, the Court unsealed the Third Amended Complaint. Dkt. 57.[1]

---

[1] The Court's docket does not contain any representation by the government that Plaintiff shared the sealed Third Amended Complaint with the government. If Plaintiff failed to follow proper procedures for False Claims Act litigation, SEIU International reserves its right to raise that issue as an additional reason for dismissal.

**LEGAL STANDARD**

A Rule 12(b)(6) motion should be granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff alleges a violation of the False Claims Act, his complaint "must not only be plausible, but pled with particularity under Rule 9(b)." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citations omitted); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "To satisfy Rule 9(b) [in a False Claims Act case], a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011) (quoting *Ebeid*, 616 F.3d at 998); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). Because the False Claims Act is "geared primarily to encourage insiders to disclose information necessary to prevent fraud on the government," *Ebeid*, 616 F.3d at 999, plaintiffs "should have adequate knowledge of the wrongdoing at issue [and] should be able to comply with Rule 9(b).'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Wang v. FMC Corp.*, 975 F.2d 1412, 1419 (9th Cir. 1992)).

This heightened pleading standard serves two main purposes. First, "Rule 9(b) requires that the circumstances alleged to constitute fraud be specific enough to give the defendant notice of the particular misconduct so that it can defend against the charge." *Godecke*, 937 F.3d at 1208

(citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)). Second, Rule 9(b) serves "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Bly-Magee*, 236 F.3d at 1018 (quoting *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)); accord *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018); *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).

## ARGUMENT

Plaintiff alleges that SEIU International violated the False Claims Act by "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. §3729(a)(1)(A); TAC ¶3. To make out a claim for violation of §3729(a)(1)(A), a plaintiff "must allege: '(1) a false statement or fraudulent course of conduct, (2) made with the scienter, (3) that was material, causing, (4) the government to pay out money or forfeit moneys due.'" *Winter ex rel. United States v. Gardens Regional Hosp.*, 953 F.3d 1108, 1114 (9th Cir. 2020) (quoting *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 899 (9th Cir. 2017)).

Plaintiff's allegations fail to plead a plausible claim—much less to plead a claim with the heightened level of particularity required in False Claims Act cases. First, Plaintiff does not plead facts that, even if assumed to be true, would establish the necessary elements of a §3729(a)(1)(A) violation. Second, even if Plaintiff had alleged facts sufficient to show a violation of this statute, Plaintiff does not plead facts to show that SEIU International was responsible for any such violation.

**I.  Plaintiff does not allege particularized facts to show the necessary elements of a False Claims Act violation.**

Plaintiff's TAC fails at the threshold: It does not allege particularized facts to show that a false claim for payment was made. Under the False Claims Act, a "claim" means a "request or demand ... for money ... that (i) is presented to an officer, employee or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest." 31 U.S.C. §3729(b)(2)(A). To meet the particularity requirement, a plaintiff is required to detail "the who, what, when, where, and how of the misconduct charged." *Ebeid*, 616 F.3d at 998 (quoting *Vess*, 317 F.3d at 1106). In addition, "the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (citations omitted).

The TAC does none of this. It refers vaguely to "false certifications" and "false claims," TAC ¶¶23, 27, but does not identify *what statement or certification* was made, *who* made it, *how* it was false, *when* it was presented, to *whom* it was presented, or *what payment of government funds* was made in response. General allegations that vaguely imply that something improper has occurred are not enough.

The only specific statements to the government that Plaintiff identifies are SEIU Local 503's annual LM-2 reports. LM-2 reports are annual financial reports that unions are required by the Labor-Management Reporting and Disclosure Act to file with the Department of Labor's Office of Labor Management Standards ("OLMS"). *See* 29 U.S.C. §431, §439-40; 29 C.F.R. §403.3. They provide OLMS (and the public) with information about union financial activity for the "preceding fiscal year." 29 C.F.R. §403.3(b). For example, LM-2 reports list union assets,

liabilities, income, expenditures, and payments to officers, employees and vendors during the prior fiscal year.[2]

LM-2 reports are not a "request or demand ... for money." 31 U.S.C. §3729(b)(2)(A). They do not have a role in any government payment system—including the Medicaid system—and Plaintiff does not allege otherwise. Accordingly, LM-2 reports are not "claims" for purposes of the False Claims Act. *See United States v. Howell*, 318 F.2d 162, 164 (9th Cir. 1963) ("A claim within the meaning of the False Claims Act is a demand upon the Government for the payment of money or transfer of property.")[3] Plaintiff's complaint does not allege any facts to show any connection between the filing of LM-2 reports and the receipt of any government funds.

Once the irrelevant allegations about LM-2 reports are set aside, Plaintiff's allegations of a False Claims Act violation are even more deficient than the allegations in *Ebeid*, which the Ninth Circuit held were not sufficient to plead a False Claims Act claim. In *Ebeid*, the plaintiff alleged generally that the owner of a healthcare business had submitted claims for Medicaid reimbursement knowing that her employee physicians had a significant financial interest in the referral of the patients to a particular clinic, which violated state and federal laws. *Ebeid*, 616

---

[2] A copy of the LM-2 form is available on the OLMS website at: https://www.dol.gov/sites/dolgov/files/OLMS/regs/compliance/GPEA_Forms/forms/lm2_form_facsimile_2022.pdf.

[3] *See also United States v. McNinch*, 356 U.S. 595, 599 (1958) ("[T]he conception of a claim … connotes a demand for money or for some transfer of public property." (quoting *United States v. Tieger*, 234 F.2d 589, 591 (3d Cir. 1956)); *United States v. Rivera*, 55 F.3d 703, 709–10 (1st Cir. 1995) ("[I[n deciding whether a given false statement is a claim or demand for payment, a court should look to see if, within the payment scheme, the statement has the practical purpose and effect, and poses the attendant risk, of inducing wrongful payment."); *United States v. Neifert-White Co.*, 390 U.S. 228, 230 (1968) (to qualify as a "claim," a statement must be "made with the purpose and effect of inducing the Government immediately to part with money").

F.3d at 1000–01. The plaintiff in *Ebeid* alleged that the businessowner "concealed and failed to disclose that the Clinic's physicians had a financial relationship to the [referral site]" and that the "referrals ... were made by physicians who were employed by and whose livelihood depended upon [the businessowner]." *Id.* The Ninth Circuit held that these "general allegations—lacking any details or facts setting out the 'who, what, when, where, and how' of the 'financial relationship' or alleged referrals—are insufficient under Rule 9(b)." *Id.*

Here, Plaintiff's allegations are even more vague. Plaintiff mentions local union trusts that allegedly received funding from the Medicaid program and then alleges in a conclusory fashion that "Defendant" and "SEIU" made "false certifications" and "presented false claims for payment." TAC ¶23, 27. These allegations are silent as to what claims or certifications were submitted for payment, when they were submitted, to whom they were submitted, who submitted them, what they said, and why they were false. Indeed, Plaintiff fails to even identify which defendant he contends submitted false claims. "This type of allegation, which ... specifies no particular circumstances of any discrete fraudulent statement, is precisely what Rule 9(b) aims to preclude." *Cafasso*, 637 F.3d at 1057. As such, Plaintiff's claim must be dismissed.

## II.    Plaintiff does not allege particularized facts to show that SEIU International was responsible for a False Claims Act violation.

Even if Plaintiff had sufficiently alleged a False Claims Act violation, Plaintiff's allegations against SEIU International still would be insufficient to state a cause of action, because Plaintiff does not allege particularized facts showing that SEIU International was responsible for any alleged False Claims Act violations. Plaintiff's specific factual allegations— to the extent there are any—describe only alleged conduct of SEIU Local 503 and SEIU Local 775. Plaintiff does not allege specific facts giving rise to a plausible inference that SEIU International was responsible for running local trust funds or submitting any claims for payment.

The TAC includes allegations that certain actions were taken by "Defendant" without specifying which defendant, but to the extent those allegations refer to dealings with the government, context makes clear that the allegations are about SEIU Local 503, not SEIU International. Moreover, using the term "Defendant" in a complaint against multiple defendants is the opposite of pleading claims with particularity and therefore fails to satisfy Rule 9(b).

The TAC also lacks particularized allegations to support a claim that SEIU International is responsible for the actions of SEIU Local 503. International unions are not vicariously liable for the alleged acts or omissions of affiliated local unions. *See, e.g., Mine Workers v. Coronado Coal Co.*, 259 U.S. 344, 395 (1922). International unions are separate entities from local unions, and holding an international union liable for the actions of a local union requires proof of an agency relationship with respect to the particular local union conduct. *Carbon Fuel Co. v. Mine Workers*, 444 U.S. 212, 216-17 (1979) (noting "Congress' clear statement of the limits of an international union's legal responsibility for the acts of one of its local unions"). The plaintiff must show that the international union "instigated, supported, ratified or encouraged the Local's activities or that the Local acted pursuant to its agreement with the International." *Moore v. Local 569 IBEW*, 989 F.2d 1534, 1543 (9th Cir. 1993); *Carbon Fuel,* 444 U.S. at 217 (to "find the union liable 'it must be clearly shown ... that what was done was done by their agents in accordance with their fundamental agreement of association.'" (quoting *Coronado Coal Co.,* 268 U.S. at 304)).

In fraud cases resting on an agency theory, moreover, Rule 9(b) requires that the plaintiff plead with particularity the facts establishing agency. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007); *Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1061 (N.D. Cal. 2013) ("where a plaintiff alleges that a defendant is liable for fraud under an agency theory, Rule 9(b)

requires that the existence of the agency relationship be pled with particularity") (citing *Swartz*, 476 F.3d at 764-65).

Here, Plaintiff alleges no particularized facts sufficient to show (or even suggest) that SEIU Local 503 was acting as an agent of SEIU International when allegedly submitting false claims. On the contrary, Plaintiff's passing references to SEIU International describe only ordinary services provided by international unions to local affiliates—putting on conferences, coordinating political efforts, reviewing year-end reports, etc. *See* TAC ¶¶5, 12. None of those allegations pertain to or support a claim that SEIU Local 503 acted as SEIU International's agent in submitting false claims for payment to the government.

Plaintiff's allegations that Local 503's Executive Director "worked with staff and attorneys for the [International] during many conference calls prior to finalization of the purchase [of a building], TAC ¶12, does not come close to a specific, plausible allegation that SEIU Local 503 acted as SEIU International's agent in submitting false claims for payment to the government. Likewise, that SEIU International reviews "the year-end financial statements, the audit report, and the LM-2 report" of its affiliated local unions, TAC ¶12, does not show that SEIU International would be aware of inaccuracies in those reports (which in any event are not claims for payment), much less show that local unions act as SEIU International's agents in preparing or filing such local union financial reports.

In sum, Plaintiff makes no plausible allegations—let alone allegations sufficient to satisfy Rule 9(b)—that SEIU International either submitted false claims itself or used Local 503 as an agent to submit such claims. Plaintiff's claims against SEIU International should therefore be dismissed for this reason as well.

**III.     This case should be dismissed with prejudice.**

Plaintiff already has amended his complaint three times. When the Court dismissed the Second Amended Complaint, the Court warned Plaintiff that "[t]he Court will not grant Plaintiff further leave to amend against Defendant." Dkt. 42. Nonetheless, the Third Amended Complaint suffers from the same flaws that SEIU International pointed out in its motion to dismiss the Second Amended Complaint. *See* Dkt. 30. This time, dismissal should be with prejudice.

## CONCLUSION

Plaintiff's Third Amended Complaint should be dismissed with prejudice.

DATED:  July 26, 2023                                          Respectfully submitted,

                                                                       By:   */s/Scott A. Kronland*
                                                                             Scott A. Kronland

SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 2109847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service Employees International Union*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 3,435 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED: July 26, 2023

Respectfully submitted,

By: /s/ Scott A. Kronland
      Scott A. Kronland

SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 2109847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service Employees International Union*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

DATED: July 26, 2023

Respectfully submitted,

By: /s/ Scott A. Kronland
    Scott A. Kronland

SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 2109847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service Employees International Union*