SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 210-9847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service
Employees International Union*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARTIN G. CHILDS, | Case No. 6:20-cv-01610-MK |
| Plaintiff, | |
| v . | **DEFENDANT SERVICE EMPLOYEES INTERNATIONAL UNION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |
| SERVICE EMPLOYEES INTERNATIONAL UNION; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 503, | **Pursuant to Fed. R. Civ. P. 12(b)(6)** |
| Defendants. | |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ...................................................................................................................... 1

    I.     Plaintiff does not allege facts sufficient to show the necessary
          elements of a False Claims Act claim........................................................................ 1

    II.    Plaintiff does not allege facts to show that SEIU International
          was responsible for an alleged False Claims Act violation. .................................... 4

    III.   The Court should dismiss Plaintiff's lawsuit with prejudice. ................................... 7

CONCLUSION .................................................................................................................... 7

CERTIFICATE OF COMPLIANCE .................................................................................... 9

CERTIFICATE OF SERVICE .......................................................................................... 10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Carbon Fuel Co. v. United Mine Workers of America,*
444 U.S. 212 (1979).................................................................................................6

*Dowd v. International Longshoremen's Association,*
975 F.2d 779 (11th Cir. 1992) ...............................................................................6

*Mandel v. Hafermann,*
503 F. Supp. 3d 946 (N.D. Cal. 2020) ...................................................................6

*Moore v. Local 569 IBEW,*
989 F.2d 1534 (9th Cir. 1993) ...............................................................................6

*United States ex rel. Silingo v. WellPoint, Inc.,*
904 F.3d 667 (9th Cir. 2018) .................................................................................7

*Swartz v. KPMG LLP,*
476 F.3d 756 (9th Cir. 2007) .............................................................................5, 7

*Winter ex rel. United States v. Gardens Regional Hospital and Medical Center,*
953 F.3d 1108 (9th Cir. 2020) .............................................................................3, 4

*United States v. Howell,*
318 F.2d 162 (9th Cir. 1963) .................................................................................1

*United States v. Neifert-White Co.,*
390 U.S. 228 (1968)................................................................................................3

*Universal Health Services, Inc. v. United States,*
579 U.S. 176 (2016)................................................................................................4

**Federal Statutes**

False Claims Act, 31 U.S.C. §§ 3729 - 3733 ................................................... *passim*

**Rules**

Federal Rules of Civil Procedure, Rule 9(b).......................................................1, 3, 5

**ARGUMENT**

Plaintiff's response to SEIU International's motion to dismiss confirms that the motion should be granted.  Notwithstanding the multiple opportunities Plaintiff has had to amend the complaint and multiple extensions of time, the Third Amended Complaint (TAC) suffers from the same deficiencies as the Second Amended Complaint (SAC).  Plaintiff's response to the motions to dismiss the Third Amended Complaint also repeats the same legal arguments this Court previously rejected when it granted SEIU International's motion to dismiss the Second Amended Complaint.  Plaintiff still does not point to specific factual allegations to show that 1) a false claim was made to obtain federal funds and 2) SEIU International was responsible for the submission of that claim.  Therefore, the Third Amended Complaint should be dismissed.

Furthermore, Plaintiff's response entirely disregards the Court's statement, when dismissing Plaintiff's Second Amended Complaint with leave to amend, that "[t]he Court will not grant Plaintiff further leave to amend." Dkt. 42.  Plaintiff's assertion that the Court "should grant further leave to amend the complaint," Resp. at 12 (Dkt. 66), provides no good reason for the Court to disregard its prior ruling.  Nor does Plaintiff proffer any additional facts that he could allege to state a viable False Claims Act claim.  As such, this lawsuit should be dismissed with prejudice.

I. **Plaintiff does not allege facts sufficient to show the necessary elements of a False Claims Act claim.**

Plaintiff does not dispute that the elements of a False Claims Act claim must be pleaded with particularity under Rule 9(b).  *See* SEIU Int'l Mot. at 5 (Dkt. 58); Resp. at 9.  But, yet again, Plaintiff does not allege specific facts identifying *any false claims* made to obtain government funds. *See United States v. Howell*, 318 F.2d 162, 164 (9th Cir. 1963) ("A claim within the meaning of the False Claims Act is a demand upon the Government for the payment of money or

transfer of property."); SEIU Int'l Mot. at 8 & n.3.  Because the Third Amended Complaint lacks particularized factual allegations to show that identifiable false claims were made, it does not state a cause of action under the False Claims Act.

Plaintiff's theory of this case is that Defendants established "a Training trust," lobbied for passage of a state law requiring mandatory training for healthcare workers (SB 1534), and then acquired "The Forum Building in Portland using funds from SEIU's Homecare Benefit Fund Supplemental Trust."  Resp. at 4.  According to Plaintiff, the purchase of this building was not a permissible use of trust funds.  *Id*.  Plaintiff contends that the Defendants conducted a "fraudulent scheme" to misuse Medicaid funds.  Resp. at 5.  But Plaintiff continues to ignore the False Claims Act's requirement to allege with particularity even one demand Defendants made upon the government for payment of money or property, much less a demand that was false or fraudulent.

Plaintiff asserts that "the Agreement and Declaration of Trust that Executive Director Heather Conroy signed on behalf of Local 503 in October 2013 is a false certification to the state and federal government."  Resp. at 5.  But Plaintiff does not allege facts to show that the establishment of the Trust was in any way a request or demand on the government for funds, let alone allege with particularity *to whom* the request was submitted and *why* it was false.  Nor could he.  In Plaintiff's own construction of the case, his "complaint centers on the Trust that was *improperly managed*," not on the documents establishing the Trust, which was created "before SB 1534 was passed" and before the building was purchased.  Resp. at 4-5 (emphasis added).  To the extent Plaintiff is complaining about purported "breach of fiduciary duties [to] the member beneficiaries" of the Trust, Resp. at 4, or purported "violation of the express

provisions of the Trust Agreement", Resp. at 5, such complaints do not state False Claims Act claims.

Plaintiff's attempt to construe LM-2 reports as claims for payment likewise falls well short of Rule 9(b)'s pleading standards. Plaintiff asserts that "[t]he LM-2 disclosures filed by Local 503 from 2019 on that later reflect billing invoiced to the training trust do not reveal the true source of these funds." Resp. at 5. But LM-2 reports are annual financial reports that all unions must submit to the Department of Labor's Office of Labor Management Standards (OLMS), not requests for payment from the government. Plaintiff acknowledges that LM-2 reports are "financial disclosures unions have to make about their expenditures to the Federal government." Resp. at 6. Plaintiff does not and cannot allege that a required financial disclosure report to OLMS—even if, as alleged, the report omitted required information—was "made with the purpose and effect of inducing the Government immediately to part with money," such that it constitutes a "claim" under the False Claims Act. *United States v. Neifert-White Co.*, 390 U.S. 228, 232 (1968). OLMS has nothing to do with the Medicaid program that Plaintiff contends was source of funds that were misused.

As SEIU International previously explained in its reply in support of the motion to dismiss Plaintiff's Second Amended Complaint, *see* Dkt. 38, neither case that Plaintiff cites excuses the requirement that a plaintiff seeking to assert a False Claims Act claim must plead with particularity the facts showing that a false claim was submitted, as well as all the other elements of a False Claims Act violation in connection with that claim, *e.g.,* scienter, materiality, and reliance. In *Winter ex rel. United States v. Gardens Regional Hospital and Medical Center*, 953 F.3d 1108 (9th Cir. 2020) (Resp. at 9), the Ninth Circuit recognized that "a false certification of medical necessity" to obtain Medicaid Act reimbursements can violate the False Claims Act,

but also explained that the plaintiff's complaint was sufficient to state a cause of action because it included "detailed allegations as to each ... claim" alleged to constitute such a false certification, and "identifie[d] sixty-five allegedly false claims in great detail." 953 F.3d at 1118-20; *id.* at 1120 (contrasting the *Winter* plaintiff's detailed and particularized complaint with the complaint in *Cafasso*, which was insufficient because it merely "identifie[d] a general sort of fraudulent conduct but specifie[d] no particular circumstances of any discrete fraudulent statement." (quoting *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011))).  Plaintiff's Third Amended Complaint is just as deficient as the Second Amended Complaint in failing to provide the required detailed factual allegations.

Likewise, *Universal Health Services, Inc. v. United States*, 579 U.S. 176 (2016) (Resp. at 10), recognized that an omission in a claim can sometimes make the claim false, but the Supreme Court cabined its holding to a situation where the "defendant submits a claim for payment that makes specific representations about the goods or services provided, but knowingly fails to disclose the defendant's noncompliance with a statutory, regulatory, or contractual requirement . . . [such that] the omission renders those representations misleading." 579 U.S. at 181.  As such, this theory of liability requires the existence of a specific claim for payment.  Plaintiff here does not allege any identifiable claim.

Because Plaintiff does not plead particularized facts to show that a false claim was submitted (as well as all the other elements of a False Claims Act violation in connection with that specific claim), Plaintiff's Third Amended Complaint must be dismissed.

## II.    Plaintiff does not allege facts to show that SEIU International was responsible for an alleged False Claims Act violation.

Despite the dismissal of Plaintiff's Second Amended Complaint, Plaintiff continues to argue—with no additional factual basis in the Third Amended Complaint—that SEIU

International can be held liable for local unions' conduct under the "Theory of Agency." Resp. at 11 (italics omitted). This argument is no better now than it was then. Plaintiff relies on bare assertions in the Response that Local 503 was "working under the guidance and direction of it[]s parent organization SEIU," *id.* at 4, and that "Defendant SEIU was acting as the principal vis a vis its local branch organizations," *id.* at 11. But these statements are unsupported by the factual allegations in the Complaint, which are far from sufficient to plead agency with particularity as required in fraud cases. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (holding that the facts showing agency must be pleaded with particularity when claims are subject to Rule 9(b)).

Despite Plaintiff's contention that he "has alleged that Medicaid benefits were unlawfully transferred to defendant … under the supervision and approval of the SEIU international," Resp. at 12, nothing in the Third Amended Complaint provides any basis for this claim.[1] The *only* allegations in the Complaint about the conduct of SEIU International are that it received the LM-2 financial reports filed by local unions, and that, as to the purchase of the building, Plaintiff was told by another Local 503 employee that "she and others had worked with staff and attorneys for the Defendant [SEIU International] during many conference calls prior to finalization of the purchase." TAC ¶12; *see* Resp. at 12 ("The parent organization and the local branch interfaced through intermediaries who had contacts in both organizations"). Those allegations do not show that Local 503 was acting as SEIU International's agent in purchasing the building, much less in submitting any false claims, and certainly do not meet the particularity requirements necessary to allege agency or fraud under Rule 9(b).

---

[1] Both the Response and the Third Amended Complaint often refer to "defendant" without specifying which defendant is meant. Here, the word "defendant" appears to refer to Local 503.

Plaintiff entirely disregards the extensive case law in SEIU International's motion to dismiss holding that international unions are separate entities from local unions, and that showing an agency relationship requires specific factual allegations that the international union "instigated, supported, ratified or encouraged the Local's activities or that the Local acted pursuant to its agreement with the International." *Moore v. Local 569 IBEW*, 989 F.2d 1534, 1543 (9th Cir. 1993); *Carbon Fuel Co. v. United Mine Workers of America*, 444 U.S. 212, 216-17 (1979) (to "find the union liable 'it must be clearly shown . . . that what was done was done by their agents in accordance with their fundamental agreement of association.'"); SEIU Int'l Mot. at 10.

Instead, Plaintiff again attempts to rely on inapposite cases that do not excuse the fundamental problem of his insufficient factual allegations. Plaintiff quotes *Dowd v. International Longshoremen's Association*, 975 F.2d 779, 784 (11th Cir. 1992), for the proposition that an agency relationship can exist notwithstanding "the lack of a legal obligation by the agent" or "the lack of legal capacity of the Principal." *See* Resp. at 11. The Eleventh Circuit emphasized in *Dowd*, however, that it was *not* applying the "ordinary agency law" principles that apply to this civil case but, rather, broader concepts that govern unfair labor practice charges. *Dowd*, 975 F.2d at 784. Plaintiff also asserts that a plaintiff in an antitrust conspiracy case can survive summary judgment "if the plaintiff's asserted interpretation of the facts is 'reasonable' enough" to support the existence of the alleged conspiracy. Resp. at 11 (citing *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 906 F.2d 432, 438 (9th Cir. 1990)). But Plaintiff has not alleged the existence of a conspiracy, much less the elements of a conspiracy, which would include agreement among the co-conspirators to pursue a certain illegal object. *See, e.g., Mandel v. Hafermann*, 503 F. Supp. 3d 946, 985 (N.D. Cal.

2020). Moreover, the facts showing a conspiracy would have to be pleaded with particularity here because Plaintiff alleges fraudulent conduct. *See Swartz*, 476 F.3d at 764-65; *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677-78 (9th Cir. 2018). Plaintiff does not plead any particularized facts regarding SEIU International's own conduct.

Plaintiff's failure to allege particularized facts to show that SEIU International was responsible for local union's purported False Claims Act violations provides an independent reason why this lawsuit against SEIU International must be dismissed.

### III.     The Court should dismiss Plaintiff's lawsuit with prejudice.

Plaintiff ignores the Court's previous ruling that "[t]he Court will not grant Plaintiff further leave to amend," Dkt. 42, and instead argues that Plaintiff should be granted leave to amend yet again. But, even absent the Court's prior order, leave to amend would be inappropriate here. Plaintiff fails to identify any additional facts he could allege to state a viable False Claims Act claim. Instead, Plaintiff asserts only that, with further amendment, he could "streamline and clarify the Third Amended Complaint to more clearly state each phase in the fraudulent claim." Resp. at 13. Plaintiff has had three opportunities to "streamline and clarify" his complaint and has been unable to cure the deficiencies clearly identified in the motion to dismiss Plaintiff's Second Amended Complaint. The Court should therefore dismiss this action with prejudice.

### CONCLUSION

Plaintiff's Third Amended Complaint should be dismissed without leave to amend.

DATED:  September 27, 2023                           Respectfully submitted,

                                                     By: *s/  Scott A. Kronland*
                                                         Scott A. Kronland

SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 2109847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service
Employees International Union*

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,156 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED:  September 27, 2023

Respectfully submitted,

By: _s/  Scott A. Kronland_
      Scott A. Kronland

SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 2109847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service*
*Employees International Union*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.


DATED:  September 27, 2023                Respectfully submitted,

By: *s/  Scott A. Kronland*
     Scott A. Kronland

SCOTT A. KRONLAND (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com
Pronouns: he/him

JASON M. WEYAND, OSB No. 014777
TEDESCO LAW GROUP
1316 NE Broadway Street, Unit A
Portland, OR 97232
Telephone: (866) 687-6015
Facsimile: (503) 2109847
E-mail: jason@tlglabor.com
Pronouns: he/him

*Attorneys for Defendant Service Employees International Union*