UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MARTIN G. CHILDS**, | Case No. 6:20-cv-01610-MK |
| Plaintiff, | **OPINION AND ORDER**[1]<br>Re: DEFENDANTS' Fed. R.<br>Civ. P. 12(b)(6) MOTIONS |
| vs. | |
| **SERVICE EMPLOYEES<br>INTERNALTION UNION (SEIU); and<br>SEIU LOCAL 503, OPEU,** | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

---

[1] The parties consent to jurisdiction by a U.S. Magistrate Judge. ECF No. 71.

Page 1 — OPINION AND ORDER

Plaintiff Martin G. Childs asserts a single cause of action against Defendants SEIU International and Defendant SEIU Local 503 for alleged violation of 31 U.S.C. § 3729(a)(1)(A), a provision of the False Claims Act. Pl.'s Third Amended Complaint ¶¶ 24–27, ECF No. 49 ("TAC"). Before the Court are Defendants' 12(b)(6) Motions to Dismiss Plaintiff's Third Amended Complaint, with Prejudice. ECF Nos. 58, 60. Plaintiff opposes the Motions and moves in the alternative for leave to amend his Third Amended Complaint. Pl.'s Resp. 12–13, ECF No. 66. For the reasons set forth below, Defendants' Motions to Dismiss with prejudice are GRANTED; Plaintiff's Motion for leave to amend is DENIED.

## BACKGROUND

For the purposes of this Opinion, the following allegations in Plaintiff's Third Amended Complaint are taken as true.

Defendant SEIU International is an international union headquartered in Washington, D.C. TAC ¶4. From September 2009 to June 2019, Plaintiff worked as the Finance Director for Co-Defendant SEIU Local 503, OPEU (Local 503), an Oregon-based local union affiliated with SEIU International. *Id.* at ¶5. Plaintiff alleges that at the direction of SEIU International, Local 503 devised a scheme to defraud the government of Medicaid funding:

> First, the Defendant[2] lobbied for the passage of SB 1534 in Oregon, requiring mandatory training for Homecare workers. Then, a Training [T]rust[3] was established which contracted with the Defendant to operate a call center. The Defendant controlled both the call center and the [T]rust and so was able to award itself the contract to provide call center work for the Training Trust.

---

[2] The Complaint repeatedly refers to "Defendant" without specifying between Defendant SEIU International and Defendant Local 503. Because the Court finds that Plaintiff has failed to allege a cause of action under the False Claims Act for any Defendant, the Court refers to Defendants collectively, as well.

[3] The Third Amended Complaint refers to several trusts with inconsistent designations. *See* TAC ¶¶8-9, 11, 13-14. Having thoroughly examined the specific allegations in the Third Amended Complaint, solely for the purposes of clarity to the reader of this Opinion, the Court refers to these trusts in a consolidated manner.

Pl.'s Resp 5. The trust agreement required trust management and oversight to "be shared equally amongst five union trustees and five trustees representing the state of Oregon[.]" TAC ¶11. The purpose of the Trust was "for the exclusive benefit of the plan participants and their dependents[.]" *Id*. Trust assets were expressly prohibited from being "used to benefit either SEIU Local 503, OPEU or the state of Oregon." *Id*. Despite these express provisions, Plaintiff alleges that all ten trustees were affiliated with Local 503 and that the Trust improperly provided Local 503 with money to purchase a building and to operate a call center. TAC ¶8, 11.

Plaintiff asserts that because the Trust received Medicaid funding, Local 503's use of trust funds in violation of the Trust's agreement defrauded the government. *Id.* at ¶16, 19. Plaintiff further alleges that Local 503 then hid its wrongdoing by filing false or misleading LM-2 disclosures, a type of financial report filed with the U.S. Department of Labor.[4] *Id.* at ¶12. The LM-2 disclosures reflected billing invoiced to the Trust but did not reveal that Medicaid was the source of the Trust's funding. *Id.*; Pl.'s Resp 4-5.

Plaintiff brings a *qui tam* action under the False Claims Act, 31 U.S.C. § 3729. TAC ¶26. He alleges that Defendants set-up and improperly used trusts for profit, defrauding the government of $41,784,736. TAC ¶27. Plaintiff seeks, *inter alia*, 30% of treble the damages owed to the government. *Id.* at ¶26–27.

---

[4] Plaintiff's Response does not oppose Defendant SEIU International's description of LM-2 reports as:
> annual financial reports that unions are required by the Labor-Management Reporting and Disclosure Act to file with the Department of Labor's Office of Labor Management Standards ("OLMS"). *See* 29 U.S.C. §431, §439-40; 29 C.F.R. §403.3. They provide OLMS (and the public) with information about union financial activity for the "preceding fiscal year." 29 C.F.R. §403.3(b).

Def. SEIU International's Mot. 7, ECF No. 58. A copy of the LM-2 form is available on the OLMS' website at: https://www.dol.gov/sites/dolgov/files/OLMS/regs/compliance/GPEA_Forms/forms/lm2_form_facsimile_2022.pdf.

Page 3 — OPINION AND ORDER

## PROCEDURAL HISTORY

On January 15, 2021, Plaintiff filed a *qui tam* action against SEIU International for violation of the False Claims Act, 31 U.S.C. § 3729.[5] Pl.'s First Amended Compl. ECF No. 10. The government declined to pursue Plaintiff's claim. ECF No. 16. After SEIU International advised Plaintiff's counsel that it would move to dismiss the First Amended Complaint for failure to state a claim, the Court granted Plaintiff leave to amend the Complaint for a second time. ECF No. 28. SEIU International moved to dismiss Plaintiff's Second Amended Complaint for failure to state a claim on July 5, 2022. ECF No. 30. The Court held a hearing on that motion and subsequently dismissed Plaintiff's Second Amended Complaint, without prejudice, for failure to state a claim. ECF No. 42. Plaintiff filed his Third Amended Complaint on January 21, 2023, adding SEIU Local 503 as an additional defendant. TAC ¶2. SEIU International filed its Motion to Dismiss Plaintiff's Third Amended Complaint for Failure to State a Claim on July 26, 2023. ECF No. 58. SEIU Local 503 filed its Motion to Dismiss for Failure to State a Claim on August 14, 2023, adopting the arguments set out by SEIU International's Motion. Def. Local 503 Mot. 4, ECF No. 60. On September 13, 2023, Plaintiff filed a single Response to Defendants' Motion to Dismiss. Pl.'s Resp. ECF No. 66.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins.*

---

[5] "The FCA authorizes a private person, known as a relator, to bring a *qui tam* civil action 'for a violation of section 3729 for the person and for the United States Government . . . in the name of the Government.'" *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007) (quoting 31 U.S.C. § 3730(b)(1)).

*Comp.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers,* 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A claim brought under the False Claims Act must not only be plausible, but also pled with particularity under Fed. R. Civ. P. 9(b). *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff "alleging fraud must set forth *more* than the neutral facts necessary to identify the transaction."

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and citation omitted). The pleadings in a False Claims Act case "must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

## DISCUSSION

### I.      Plaintiff Fails to Allege a "Claim" Within the Meaning of the False Claims Act

A defendant is liable under the False Claims Act when it "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim[.]" 31 U.S.C. § 3729(a)(1)(A)-(B). The False Claims Act "attaches liability, not to underlying fraudulent activity, but to the claim for payment." *U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1265–66 (9th Cir. 1996) (quotation marks and citation omitted).

"It seems to be a fairly obvious notion that a False Claims Act suit ought to require a false claim." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *United States ex rel. Aflatooni v. Kitsap Physicians Serv.*, 314 F.3d 995, 997 (9th Cir. 2002)).[6] Under the False Claims Act, a "claim" means a request or demand for money or property that is "presented to an officer, employee, or agent of the United States [ ] or . . . made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the

---

[6] *See also U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1173 (9th Cir.2006) ("[F]or a false statement or course of action to be actionable . . . , it is necessary that it involve an actual claim[.]"); *U.S. ex rel. Hopper*, 91 F.3d at 1265 ("The FCA . . . requires a false claim." (quoting the district court)).

Page 6 — OPINION AND ORDER

Government's behalf or to advance a Government program or interest[.]" 31 U.S.C. § 3729(b)(2)(A). In other words, "[a] claim within the meaning of the False Claims Act is a demand upon the Government for the payment of money or transfer of property." *United States v. Howell*, 318 F.2d 162, 164 (9th Cir. 1963). To survive a motion to dismiss, the complaint must detail why the claim was false or misleading and provide the "who, what, when, where, and how" the claim was made on the Government. *Ebeid ex rel. U.S.* 616 F.3d at 998.

Plaintiff has not alleged a "claim" within the meaning of the False Claims Act. The only specific statements to the Government identified in Plaintiff's Third Amended Complaint are Defendants' filing of LM-2 disclosures. TAC ¶¶20-23. However, by Plaintiff's own definition, LM-2 disclosures are "a type of financial report" that "is filed with the U.S. Dept. of Labor." TAC ¶12. Plaintiff's response does not oppose Defendant SEIU International's description of LM-2 disclosures as merely a report to the Government about the union's financial activity for the preceding fiscal year. Def. SEIU International's Mot. 7. Because Plaintiff fails to make any plausible, much less particularized, allegation connecting the filings of LM-2 reports with Defendants' receipt of government funding, after three amendments, the Complaint is still missing an allegation that Defendants made a "claim" on the Government for payment.

Plaintiff asserts that his Complaint alleges an "implied false certification theory" as the basis for Defendants' liability. Pl.'s Resp. 10. Under the "implied false certification theory", "liability can attach when the defendant submits a claim for payment that makes specific representations about the goods or services provided, but knowingly fails to disclose the defendant's noncompliance with a statutory, regulatory, or contractual requirement." *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 181 (2016). For the theory to apply, the

defendant's certification of regulatory compliance must be a prerequisite to the government funding the claim. *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1172 (9th Cir. 2006).

For example, in *Universal Health Servs., Inc. v. United States*, 579 U.S. 176 (2016), the plaintiff alleged that the defendant "submitted reimbursement claims [to the Government] that made representations about the specific services provided by specific types of professionals, but that failed to disclose serious violations of regulations pertaining to staff qualifications and licensing requirements for th[o]se services." *Universal Health Servs., Inc.*, 579 U.S. at 184–85. Because the Government allegedly "would not have reimbursed the claims had it known that it was billed for mental health services that were performed by unlicensed and unsupervised staff[,]" the plaintiff's complaint sufficiently alleged a violation of the False Claims Act under an implied false certification theory. *Id.* at 185.

In his Response to the Motions to Dismiss, Plaintiff asserts that the implied false certification alleged in the Complaint:

> is that Local 503, acting on behalf of its parent organization [(SEIU International)], certified to the Government that the benefits obtained [from the Trust] would be used for the purpose authorized by statute and that there would be State trusteeship over the [T]rust that administered the benefits. Instead, the money was used to enrich Local 503 at the expense of the State and the Federal Government.

Pl.'s Resp. 11. However, a thorough examination of the Third Amended Complaint leaves the Court searching for Defendants' alleged certification of a *claim* to the Government. Unlike *Universal Health Servs., Inc.*, where the defendant allegedly submitted reimbursement claims for specific services provided by specific types of professionals that falsely certified regulatory compliance, here, Plaintiff merely alleges that the Trust distributed Medicaid funds to Defendants for expenses that violated the terms of the Trusts' agreements. Pl.'s TAC ¶19; *see*

Pl.'s Resp. 5. Plaintiff's allegations cannot be construed as triggering False Claims Act liability under an implied false certification theory. Moreover, because trusts are distinct legal entities, general allegations of the *Trusts'* improper distribution of Medicaid funds do not amount to allegations of *Defendants'* violation of the False Claims Act.[7] For example, Plaintiff's allegation that "the trust's tax report" improperly listed an "expenditure" as an "investment", does not amount to an allegation of Defendants' wrongdoing. TAC ¶11.

The Complaint fails to detail a single claim made upon the Government. Plaintiff's allegation that Defendants were "in breach of its fiduciary duties under the Trust agreement by spending trust funds for purposes that were not authorized by the agreement" does not provide any detail of who, what, when, where, or how Defendants made a demand for payment from the government. TAC ¶19. Descriptions of Defendants' LM-2 disclosures do not satisfy the requirement that a cause of action under the False Claims Act obviously requires an allegation of a false claim. Because Plaintiff's allegations fall far short of pleading with the particularity necessary to allege a claim under the False Claims Act, Defendants' Motions to Dismiss are granted.

## II.     Further Amendment of Plaintiff's Complaint Would Be Futile

As an alternative to dismissal with prejudice, Plaintiff asks the Court for leave to amend the Third Amended Complaint. Pl.'s Resp. 12. Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[7] *See N. Carolina Dep't of Revenue v. The Kimberley Rice Kaestner 1992 Fam. Tr.*, 139 S. Ct. 2213, 2218 (2019) (trusts are separate legal entities for federal income tax purposes).

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *In re Vantive Corp. Securities Litigation*, 283 F.3d 1079, 1097–98 (9th Cir. 2002) (quotation omitted).

The Court has considered the *Zucco* factors and finds that leave to amend would be futile. Plaintiff's Second Amended Complaint was dismissed for failure to allege facts showing the necessary elements of a False Claims Act claim. Minutes of Proceeding, ECF No. 42 (adopting Defendant SEIU International's "well-reasoned motion"). By adding Defendant Local 503, Plaintiff's Third Amended Complaint only responds to one of the deficiencies in the Second Amended Complaint. However, Plaintiff's Third Amended Complaint again fails to allege that Defendants submitted a *claim* within the meaning of the False Claims Act. As described above, the allegations fall far short of pleading with the particularity required under Fed. R. Civ. P. 9(b). Plaintiff asserts that a fourth amendment to the Complaint would allow him to "streamline and clarify" the allegations to allege that "[t]he key false certification is actually in [the] Trust Agreement stating that the board of trustees will be split between State and Union membership." Pl.'s Resp. 13. However, the Court has already allowed Plaintiff ample opportunity to "streamline and clarify" his Complaint. Having concluded that an allegation of a trusts' violation of its trust agreement does not impose liability on Defendants under the False Claims Act, leave for further amendment would be futile. Plaintiff's Third Amended Complaint is dismissed with prejudice.

**ORDER**

For the reasons explained above, Defendants' Motions to Dismiss (ECF Nos. 58, 60) are GRANTED. Third Amended Complaint (ECF No. 49) is DISMISSED, with prejudice.

DATED this 21st day of November 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge